USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-18-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERTO LOPEZ,

                  **Plaintiff,**

- against -

UNITED STATES OF AMERICA,

                  **Defendant.**

**OPINION AND ORDER**

10 Civ. 3144 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Roberto Lopez filed the instant Complaint on April 14, 2010, seeking damages from Defendant United States of America ("the Government"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 (2006). Lopez alleges that the Government is liable for the injuries he sustained in a collision between his vehicle and a disabled United States Postal Service ("USPS") vehicle. Specifically, he alleges that the Government's employee was negligent in failing to promptly remove the disabled vehicle from traffic. This case is before this Court as the parties have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pending before the Court is the Government's motion for summary judgment. For the following reasons, the motion is **GRANTED**.

## II. BACKGROUND

On March 21, 2009, at about 1:00 a.m., USPS driver Kenoll Wilson was driving in the right lane of the Bruckner Expressway in the Bronx, near the exit for the Triborough Bridge, when the engine of his truck suddenly shut off. (Decl. of Jaimie L. Nawaday ("Nawaday Decl."), Ex. A ("Wilson Dep.") at 26:7-17.) He steered the truck as far over as possible and put on his

four-way flashers, but did not exit the truck to set flares or reflective triangles, believing there was no safe way to do so. (*Id.* at 26:20-22, 29:21-22.) Wilson called the dispatch office at USPS and arranged for a USPS tow truck operator to come to his aid. (*Id.* at 30:22-24.) A few minutes later, Daniel Cruz, a private tow tuck operator, drove by the stalled truck. (Decl. of Thomas Lobue ("Lobue Decl."), Ex. A ("Cruz Dep.") at 7:7-21.) Cruz parked his vehicle in front of Wilson's and went to speak with Wilson, telling him that the postal truck was in a dangerous location and offering to tow the truck. (*Id.* at 14:7-15, 15:16-25.) Wilson responded that he needed USPS authorization to allow the truck to be towed by a private company, and called USPS to attempt to obtain the authorization. (Wilson Dep. at 32:25-33:5.) Before he could obtain the authorization, the truck was struck from behind. (*Id.* at 33:6-13, 31:11-38:2.)

Plaintiff Roberto Lopez was also driving on the Bruckner Expressway at that time (Nawaday Decl., Ex. D ("Lopez Dep.") at 41:22-43:16), but was in the middle lane, driving closely behind a tractor trailer. (*Id.* at 44:22-24, 48:11-20.) As he approached the turnoff for the exit to the Triborough Bridge, Lopez realized that he needed to move into the right lane, and attempted to do so, even though his view was obscured by the vehicle in front of him. (*Id.* at 46:7-22.) Lopez saw the postal truck stopped in front of him immediately after entering the right lane, but was not able to stop his car or swerve over quickly enough to avoid hitting the stopped vehicle. (*Id.* at 46:7-22, 53:14-54:5.) His right ankle was broken in the collision and his car caught fire. (*Id.* at 57:19-24.)

### III. DISCUSSION

**A. Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue of material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Under this standard, summary judgment is proper if "viewing the record in the light most favorable to the nonmoving party, the evidence offered demonstrates that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law." *Pension Benefit Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1015 (2d Cir. 1989) (internal quotations omitted), *rev'd on other grounds*, 496 U.S. 633 (1990). In making this determination, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate where no reasonable trier of fact could find in favor of the nonmoving party, *H. L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989), thereby "dispos[ing] of meritless claims before becoming entrenched in a frivolous and costly trial." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party satisfies this initial burden, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256. "[T]he mere existence of factual issues -- where those issues are not

material to the claims before the court -- will not suffice to defeat a motion for summary judgment." *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985). If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56, and] set forth specific facts showing that there is a genuine issue for trial[,] . . . summary judgment, if appropriate, should be entered against [the adverse] party." Fed. R. Civ. P. 56(e)(2).

**B. Lopez Cannot Overcome the Presumption of His Negligence**

Under the FTCA, the law of the state where the cause of action occurred is the law that governs the claim. *See* 28 U.S.C. § 2674. Under New York law, when a stationary vehicle is hit by a moving vehicle, a presumption is created that the accident was the fault of the driver of the moving vehicle. *See, e.g., Russo v. Sabella Bus Co.*, 275 A.D. 660 (N.Y. App. Div. 1st Dep't 2000). In order to overcome this presumption, the driver of the moving vehicle must show that he exercised due care, and that some negligence on the part of the driver of the stationary vehicle was the proximate cause of the accident. *See, e.g., Farrington v. New York City Transit Auth.*, 33 A.D.3d 332 (N.Y. App. Div. 1st Dep't 2006); *Rodriguez v. City of New York*, 259 A.D.2d 280 (N.Y. App. Div. 1st Dep't 1999). Lopez cannot overcome this presumption. He admitted during his deposition that because of how closely he was following behind the tractor-trailer, he did not have a view of his right side when he entered the right lane. (Lopez Dep. at 44:22-24, 71:24-72:7.)

Relying on *Askin v. City of New York*, 56 A.D.3d 394 (N.Y. App. Div. 1st Dept. 2008), and *Ricchiazzi v. Lindsay*, 5 A.D.3d 1095 (N.Y. App. Div. 4th Dept. 2004), Lopez argues that Wilson's failure to accept the private tow at the first opportunity constitutes negligence sufficient to overcome the presumption. The cases that Lopez cites are distinguishable. In *Askin*, a jury found the driver of a stationary vehicle to be sixty percent liable for a collision where he

had failed to take any steps to remove the vehicle or to warn oncoming traffic. *Askin*, 56 A.D. at 395. Here, as referenced above, Wilson had put on his four-way flashers and was in the process of attempting to get a tow for his vehicle. Additionally, the Appellate Division, in reviewing the jury award in *Askin*, found that the trial court had erred in failing to instruct the jury that the operator of the missing vehicle was presumed to be negligent, *id.*, and found that the jury had improperly apportioned fault in the case. *Id.* In *Ricchiazzi*, the defendants were held to be at fault for failing to remove operable vehicles from the highway, *Ricchiazzi*, 5 A.D. 3d at 1095, and accordingly that case has little bearing here, where the USPS vehicle was disabled.

Lopez also argues that Wilson was negligent in failing to set flares or triangles behind his vehicle. Wilson, however, was not required to take such measures where doing so would have posed a risk to his safety. *See, e.g.*, *Carovski v. Jordan*, No. 06-CV-716S, 2011 WL 1362624, at *4 (W.D.N.Y. Apr. 11, 2011); *see also Rodriguez*, 259 A.D.2d at 280. In any case, New York state precedent establishes that unless the operator of the moving vehicle can show that he exercised due care, such errors by the driver of the stationary vehicle are not of themselves sufficient to rebut the presumption of negligence. *See, e.g., id.* (defendants' failure to remove stalled car or take other precautionary steps not relevant where plaintiff was not driving at a safe speed or safe distance from vehicles ahead of him); *Farrington*, 33 A.D.3d at 332 (assertion that defendant's brake lights were not functioning was not sufficient to rebut presumption of plaintiff's negligence). Accordingly, there remain no genuine issues of material fact in this case, and summary judgment for the Government is appropriate.

## IV. CONCLUSION

For the reasons stated above, the Government's motion for summary judgment is

**GRANTED** and the case is **DISMISSED**.

SO ORDERED this 18th day of July, 2011
New York, New York

*(signature)*

The Honorable Ronald L. Ellis
United States Magistrate Judge